**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

IN RE:    CHAPTER 11

    500 CITY ISLAND AVE., LLC,    CASE NO. 24-11263 (JPM)

    DEBTOR
-------------------------------------------------------------X

### ORDER AUTHORIZING 500 CITY ISLAND AVE., LLC TO RETAIN THE LAW OFFICE OF JAMES J. RUFO AS ATTORNEY FOR THE DEBTOR AND DEBTOR-IN-POSSESSION EFFECTIVE AS OF THE PETITION DATE OF JULY 22, 2024

Upon the amended application (the "Application"), dated July 23, 2024 at Dkt. #11 of 500 City Island Ave., LLC, the debtor and debtor-in-possession (the "Debtor") requesting authorization to employ James J. Rufo, Esq. of The Law Office of James J. Rufo, as counsel to represent 500 City Island Ave., LLC; the affidavit of James J. Rufo, Esq., dated July 22, 2024; and it appears that The Law Office of James J. Rufo represents no interest adverse to the Estate in the matters upon which The Law Office of James J. Rufo will be engaged; and that the employment of The Law Office of James J. Rufo is necessary and would be in the best interest of the Estate; and that The Law Office of James J. Rufo is a disinterested person within the meaning of Bankruptcy Code Sections 101(14) and 327(a); it is

    **ORDERED**, that the Application is granted as set forth herein; and it is further

    **ORDERED**, that pursuant to § 327(a) of the Bankruptcy Code, the Debtor is authorized to retain The Law Office of James J. Rufo as its attorney in this case effective to the Petition Date of July 22, 2024; and it is further

    **ORDERED**, that The Law Office of James J. Rufo is authorized to employ the following services:

    a. Advising the Debtor concerning the conduct of the administration of this bankruptcy case.

b. Preparing all necessary applications and motions as required under the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules.

c. Preparing a disclosure statement and plan of reorganization; and

d. Performing all other legal services that are necessary to the administration of the case.

**ORDERED**, that such other services as may be requested by the Debtor and agreed to by The Law Office of James J. Rufo shall be subject to separate approval by Court order; and it is further

**ORDERED**, that any and all language in paragraphs 3, 5, and 8 of Applicant's Engagement Letter giving Applicant the right to obtain a charging lien against the Debtor in order to collect Applicant's attorneys' fees, costs or expenses is hereby stricken; and it is further

**ORDERED**, that The Law Office of James J. Rufo shall file applications for allowance of compensation and reimbursement of expenses pursuant to and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, such Bankruptcy Rules or Local Bankruptcy Rules as may then be applicable, and any other applicable orders and procedures of this Court which includes the filing of contemporaneous time records in six minute increments and copies of all requested expense receipts; and it is further

**ORDERED**, that The Law Office of James J. Rufo shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses with notice and a hearing, and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable law; and it is further

**ORDERED**, that prior to any increases in The Law Office of James J. Rufo's rates for any individual retained by The Law Office of James J. Rufo and providing services in these cases, The Law Office of James J. Rufo shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtors, the United States Trustee, and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether Professional's client has consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

**ORDERED,** that The Law Office of James J. Rufo will not charge the estate for time spent preparing or reviewing the invoices or time records submitted in support of any monthly fee statements or fee applications; and it is further

**ORDERED**, that The Law Office of James J. Rufo shall apply any remaining amounts of its prepetition retainer as credit toward post-petition fees and expenses, after such post-petition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to The Law Office of James J. Rufo; and it is further

**ORDERED**, that the Court shall retain jurisdiction to hear and determine all matters arising out of the implementation of this Order; and it is further

**ORDERED**, that if there is any inconsistency between the terms of this Order, the Application, and the supporting Affidavit, the terms of the Order shall govern.

Dated:  New York, NY
       August 29, 2024

                                            /S/ John P. Mastando III
                                            HONORABLE JOHN P. MASTANDO III
                                            UNITED STATES BANKRUPTCY JUDGE