James J. Rufo, Esq.
The Law Office of James J. Rufo
*Attorney for the Debtor*
222 Bloomingdale Road, Suite 202
White Plains, NY 10605
(914) 600-7161
jrufo@jamesrufolaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| 500 City Island Ave., LLC, | Case No. 24-11263 (JPM) |
| Debtor | |

----------------------------------------------------------------X

## 500 CITY ISLAND AVE, LLC PLAN OF REORGANIZATION

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Bankruptcy Code") proposes to pay creditors of 500 City Island Ave., LLC (the "Debtor") from the sale of the Debtor's property located at 500 City Island Ave., Bronx, NY 10465, or otherwise provided herein.

This Plan provides for one (1) class of secured claims and two (2) classes of unsecured claims. The Debtor's Plan provides for all claims to be paid in full in cash. This Plan also provides for the payment of administrative and priority tax claims in full with respect to any such claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS

| | | | |
|---|---|---|---|
| 2.01 | Class 1. | | Secured claims of the NYC Dept of Finance and the NYC Water Board allowed under 11 U.S.C. § 506 |
| 2.02 | Class 2. | | Secured claim of DD Notes, LLC allowed under 11 U.S.C. § 506 |
| 2.03 | Class 3. | | Secured claim of the U.S. Small Business Administration allowed under 11 U.S.C. § 506 |
| 2.04 | Class 4. | | All general unsecured claims allowed under 11 U.S.C. § 502 |

1

# ARTICLE III
# TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01    <u>Unclassified Claims</u>. Under section §1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

3.02    <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid in full, in cash on the later of the Effective Date and the date such claim is allowed or on such other terms as may be agreed upon by the holder of the claim and Debtors.

3.03    <u>Priority Tax Claims</u>. Each holder of a priority tax claim will be paid in equal quarterly installments, over not more than five (5) years from Petition Date, with interest at the rate established by the Internal Revenue Service pursuant to 26 U.S.C. Section 6672 or pursuant to such other relevant statute. Debtors' have no priority tax claims.

3.04    <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. § 1930(a)(6) (U.S. Trustee Fees, and any applicable interest thereon) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees and any applicable interest thereon, owed on or before the effective date of this Plan will be paid on the effective date.

# ARTICLE IV
# TREATMENT OF CLAIMS UNDER THE PLAN

4.01    Claims shall be treated as follows under this Plan:

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 1 | Class 1 consists of the secured claims of New York City Dept of Finance and the NYC Water Board allowed under 11 U.S.C. § 506. | No | Unimpaired | Class 1 claims shall be paid in full upon the sale of the Property. Class 1 claims are comprised of the secured claims of New York City Dept. of Finance and the NYC Water Board. The New York City of Finance's claim is in the amount of approximately $42,154.91 and will be paid with interest at 18.00%. The NYC Water Board's claim is in the amount of approximately $65,100.11 and will be paid at 16.00% interest. |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 2 | Class 2 consists of the secured claim of DD Notes, LLC allowed under 11 U.S.C. § 506 | No | Impaired | The Class 2 claim held by DD Notes, LLC in the amount of approximately $1,581,337.84, will be paid in an amount to be determined upon the sale of the Debtor's Property.<br><br>**Voting:** Class 2 is impaired, and entitled to vote. |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 3 | Class 3 consists of consists of the secured claim of U.S. Small Business Administration allowed under 11 U.S.C. § 506 | No | Impaired | The Class 3 Claim held by the U.S. Small Business Administration in the amount of $120,886.60, will be paid in an amount to be determined upon the sale of the Debtor's Property.<br><br>**Voting:** Class 3 Claims are impaired and are entitled to vote. |

| Class # | Description | Insider? | Impairment | Treatment |
|---|---|---|---|---|
| 4 | All unsecured claims allowed under 11 USC § 502 | No | Impaired | The Class 4 Claims are comprised of the NYS Department of Taxation and Finance's general unsecured claim in the amount of $2,98.44 and the IRS's general unsecured claim in the amount of $9,368.95. Class 4 Claims will be paid from the proceeds of a sale of the Debtor's Property, if any.<br><br>**Voting:** Class 4 Claims are impaired and are entitled to vote. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01    Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors has scheduled such claim as disputed, contingent, or unliquidated. There are no disputed claims on the Effective Date, and as such, there is no need for a disputed claims reserve to be established.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01    Assumed Executory Contracts and Unexpired Leases.

(a)    The Debtors assume the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII. **There are no executory**

3

**contract or unexpired leases.**

   (b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the effective date of this Plan.

   A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan. There are no executory contracts or unexpired leases.

ARTICLE VII
**MEANS FOR IMPLEMENTATION OF THE PLAN**

  The proceeds from a sale of the Debtor's Property will be used to pay its creditors.

ARTICLE VIII
**DEFAULT**

  8.01 It shall be an event of default if the Debtor fails to make any payment as provided in the Plan.

  8.02 Upon written receipt from any creditor of notice of default relating to payment, the Debtor shall have a period of thirty (30) days from receipt of such notice to cure such default and during such thirty (30) day period, the creditors shall take no action to terminate this Plan. If such default is cured by the Debtors within said thirty (30) day period, the Plan shall continue in full force and effect. Should the Debtors' default continue, post notice, the creditor shall make application to the court prior to taking any action to enforce its rights in connection with collection of said debt. Any notices of default under the Plan shall be sent to the Debtors and Debtors' attorneys.

  8.03 If full payment is not made within 30 days of such demand, then the creditors may collect any unpaid liabilities, and the automatic stay of 11 USC § 362 (a) is lifted for this purpose without further order of the Court.

ARTICLE IX
**GENERAL PROVISIONS**

  9.01 _Definitions and Rules of Construction._ The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

  9.02 _Effective Date of Plan_. The effective date of this Plan is the fifteenth (15th) day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

  9.03 _Severability_. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

9.04    Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

9.05    Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

9.06    Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of New York govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

9.07    Releases.

(a)    **Satisfaction of Claims and Interests in the Debtor.** The treatment to be provided for respective Allowed Claims against Debtor pursuant to the Plan shall be in full satisfaction, settlement and release of such respective Claims.

(b)    **Injunction.** As of the Confirmation Date, except as provided in the Plan or the Confirmation Order, all Persons who, directly or indirectly, have held, hold or may hold Claims against the Debtor, are permanently enjoined from taking any of the following actions on account of any such Claims, debts, interests or liabilities, other than actions brought to enforce any rights or obligations under the Plan: (i) commencing or continuing in any manner any action or other proceeding against the Debtor or its respective property; (ii) enforcing, attaching, collecting or recovering in any manner any judgment, award, decree or order against the Debtor or its respective property; (iii) creating, perfecting or enforcing any lien or encumbrance against the Debtor or its respective property; (iv) asserting a setoff, right of subrogation or recoupment of any kind against any debt, liability or obligation due to the Debtor or its respective property, and (v) commencing or continuing, in any manner or any place, any action that does not comply with or is inconsistent with the provisions of the Plan or the Confirmation Order.

## ARTICLE X
## DISCHARGE

10.01    Discharge. In accordance with §1141(d)(5) of the Bankruptcy Code, upon the completion of all payments required under the Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(5)(A) or (B) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B). In accordance with §1141(d)(5) of the Bankruptcy Code, the Court shall upon notice, re-open the Debtor's case to effectuate a discharge of all debts provided for in the Plan.

10.02    Final Decree. Pursuant to S.D.N.Y Local Rule 3022-1, within 14 days following the full administration of the estate, the plan proponent shall file on notice to the United States Trustee, an application and a proposed order for a final decree pursuant to Bankruptcy Rule 3022.

10.03   Post-Confirmation Reports. Pursuant to §1106(a)(7) of the Bankruptcy Code, the Debtor shall be responsible for filing post-confirmation reports detailing the actions taken and the progress made toward the consummation of the Plan, which reports shall be filed on the 15th day of each October, January, April and July thereafter until the Debtor's case is closed, converted, or dismissed, whichever happens earlier.

## ARTICLE XI
## RETENTION OF JURISDICTION

11.0   Jurisdiction of Bankruptcy Court. The Bankruptcy Court shall retain jurisdiction of all matters arising under, arising out of, or related to, the Chapter 11 Case and the Plan pursuant to, and for the purposes of, Sections 105(a) and 1142 of the Bankruptcy Code and for, among other things, the following purposes:

(a)   to hear and determine any motions for the assumption, assumption and assignment or rejection of executory contracts or unexpired leases and the allowance of any Claims resulting therefrom;

(b)   to determine any and all adversary proceedings, applications and contested matters relating to the Chapter 11 Case, whether pending as of the Effective Date;

(c)   to hear and determine any objection to any Claims;

(d)   to hear and determine Causes of Action;

(e)   to enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason stayed, revoked, modified or vacated;

(f)   to issue such orders in aid of execution of the Plan to the extent authorized by Section 1142 of the Bankruptcy Code;

(g)   to consider any modifications of the Plan, to cure any defect or omission or reconcile any inconsistency in any order of the Bankruptcy Court, including, without limitation, the Confirmation Order;

(h)   to hear and determine all applications for compensation and reimbursement of expenses of professionals under Sections 330 and 503(b) of the Bankruptcy Code;

(i)   to hear and determine disputes arising in connection with the interpretation, implementation or enforcement of the Plan;

(l)   to hear and determine matters concerning state, local and federal taxes in accordance with Sections 346, 505 and 1146 of the Bankruptcy Code (including any requests for expedited determinations under Section 505(b) of the Bankruptcy Code filed, or to be filed, with respect to tax returns for any and all taxable periods ending after the Commencement Date through the closing of the Chapter 11 Case);

(m)   to hear any other matter consistent with the provisions of the Bankruptcy Code; and

(n)   to enter a final decree closing the Chapter 11 Case.

Dated: _____, _____
         November _____ 2024

500 City Island Ave., LLC

_____
Norberto Rodriguez, Managing Member
*Debtor and Debtor-in-Possession*